UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STANLEY E. SMITH, | CASE NO. 5:08CV2805 |
| PETITIONER, | JUDGE SARA LIOI |
| vs. | |
| | **MEMORANDUM OPINION** |
| RICHARD GANSHEIMER, Warden, | |
| RESPONDENT. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Benita Y. Pearson[1] recommending that the habeas petition be denied and dismissed. (Doc. No. 17.) Petitioner has filed objections to the R&R. (Doc. No. 23.) Respondent filed no response to the objections. The Court has conducted its de novo review of the matters raised in the objections. Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, the objections are overruled, the R&R is accepted, and this matter is dismissed.

## I. BACKGROUND

In November 2005, petitioner was engaged to marry Whitney Abrams ("Abrams" or "the victim"). The relationship ended, however, in March 2006. On April 11, 2006, petitioner forced his way into Abrams's apartment and locked the door behind him. When Abrams admitted that she had been in contact with an ex-boyfriend, petitioner began to choke her to the point where she could no longer breathe. Petitioner took her wallet, keys, and cell phone and pleaded with her to come with him to his dorm room at the University of Akron where he was a

---

[1] Magistrate Judge Pearson was elevated to U.S. District Judge after issuing the R&R and has had no further involvement in the case.

student. Abrams agreed to go to get him to stop choking her. Once in his dorm room, petitioner choked Abrams several more times and, according to her, forced her to have sex. The next morning, petitioner finally allowed Abrams to leave his dorm room. She went home and called her mother who, in turn, called the police. The police questioned her at her apartment and she was transported to the hospital by ambulance. Abrams had several bruises and broken blood vessels. Her lips and mouth were swollen. A rape kit was used at the hospital because Abrams complained that petitioner had forced her to have sex. A DNA technician confirmed that the vaginal swabs showed a DNA profile consistent with both petitioner and Abrams.

In 2006, petitioner was indicted on one count each of kidnapping, felonious assault, rape, sexual battery, and domestic violence; a supplemental indictment charged an additional count of kidnapping. Following the presentation of the state's case at the jury trial, the trial court dismissed one of the kidnapping charges and the sexual battery charge. The jury acquitted petitioner on the rape charge and convicted on one count of kidnapping, one count of felonious assault, and one count of domestic violence. He was sentenced to four years terms for each of the first two counts, to run consecutively, and 90 days on the last count, to run concurrent with the sentence for the felonious assault, for a total of eight years incarceration.[2]

Represented by counsel, petitioner took a direct appeal. On October 17, 2007, the court of appeals affirmed the conviction and remanded for a sexual offender classification hearing. Petitioner did not appeal to the Ohio Supreme Court. Eight months later, petitioner filed a pro se application for delayed reconsideration and/or an application for reopening due to ineffective assistance of counsel. On July 15, 2008, the application was denied as untimely.

---

[2] These facts are summarized, for purpose of context, from the factual findings of the Ninth District Court of Appeals, which are presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2

Petitioner filed a timely appeal to the Ohio Supreme Court. On October 15, 2008, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal.

On November 12, 2008, petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254. He raised two grounds for relief:

> GROUND ONE: Denial of effective assistance of appellate counsel.
>
> Supporting Facts: Appellate counsel failed to provide to the court for review record/transcript of petit jury proceeding in which peremptory strike of a jury based on intentional race discrimination.
>
> GROUND TWO: The state appellate court engaged in an unreasonable application of federal law.
>
> Supporting Facts: The court failed to independently review the entire trial record in determining the claim of jury misconduct and order of the transcript.

(Doc. No. 1, Petition.)

## II. DISCUSSION

**A.    Standard of Review**

Under Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." This de novo review requires the Court to apply the provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA") and the cases construing the amendments.

Title 28, Section 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained these provisions as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13.

This Court may not, however, consider "contentions of federal law which are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainright v. Sykes*, 433 U.S. 72, 87 (1977). If a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000) (citations omitted).

If a petitioner asserts ineffective assistance of counsel as cause for a default, that ineffective assistance claim must itself be presented to the state courts as an independent claim

4

before it may be used to establish cause. *Murray v. Carrier*, 477 U.S. 478, 488-489 (1986). If the ineffective assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally defaulted and can only be used as cause for the underlying defaulted claim if the petitioner demonstrates cause and prejudice with respect to the ineffective assistance claim. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000).

**B.     The R&R**

The R&R recommends that the entire habeas petition be dismissed because both grounds raised are procedurally defaulted and petitioner has failed to show either cause and prejudice for the default or any miscarriage of justice.

The R&R also concluded that petitioner has not demonstrated the need for an evidentiary hearing and that he should not be permitted to amend his petition.

**C.     Analysis of Petitioner's Objections to the R&R**

Petitioner has asserted several objections to the R&R:

1. Challenges to the R&R's factual and procedural summary:

    (a) it mistakenly states that petitioner's counsel had filed the Ohio Appellate Rule 26(A) and (B) application whereas petitioner filed the application pro se;

    (b) it omits reference to petitioner's Reply to respondent's Amended Sur-Reply to the Revised Traverse;

    (c) it incorrectly relies on the state court's factual analysis when the state court of appeals did not have before it a full trial transcript, including the voir dire; and

    (d) it omits the fact that the state provided no legal finding for denying the consolidated applications under Appellate Rules 26(A) and (B).

2. The R&R incorrectly concludes that petitioner provided no cause and prejudice for his procedural default of ground one.[3]

3. The R&R incorrectly concludes that Ohio Appellate Rule 26(B) is an independent and adequate state procedural bar.

4. The R&R incorrectly concludes that petitioner is not entitled to an evidentiary hearing.

**Objection No. 1**

Petitioner first objects to the R&R's characterization of his Rule 26 application as having been filed with the assistance of counsel. The Court sustains this objection and accepts petitioner's correction to the R&R to clarify that his Rule 26 application was filed pro se. That said, sustaining this objection has no bearing on the merits of the petition.

Petitioner next objects to the R&R's failure to include in its recitation of the procedural history the fact that he filed a reply to the respondent's Amended Sur-Reply to the Revised Traverse. However, the R&R did not omit any such reference because petitioner never filed a reply to the Amended Sur-reply. Although the R&R makes no mention of Doc. No. 13 (Answer to Respondent's Sur-Reply to Traverse), that document was superseded by later filings, namely, the Revised Traverse (Doc. No. 15) and the Amended Sur-Reply (Doc. No. 16). When the Court granted petitioner leave to file the Revised Traverse, it expressly granted respondent leave to file the Amended Sur-Reply, but stated that petitioner could file no further pleadings. (See Doc. No. 14.) Therefore, there could have been no response to the Amended Sur-Reply without leave of Court. The documents that were before the magistrate judge, and are currently

---

[3] Petitioner has not specifically challenged the R&R's conclusion that ground two is procedurally defaulted. Even if he had made that argument, it would have no merit. Ground two is not a specific "ground" at all. It is merely a statement of a legal standard. The "supporting facts" set forth in the Petition do not render the ground any more specific because they refer to unidentified "jury misconduct," a matter not even raised on direct appeal and not addressed by the opinion of the court of appeals. Finally, as argued in his Revised Traverse, ground two is really no more than a reiteration of ground one. (*See*, Doc. No. 15, at 31-33.)

before this Court, consist of the Petition (Doc. No. 1), the respondent's Answer (styled as a Return of Writ) (Doc. No. 8), the petitioner's Revised Answer (also referred to as "Revised Traverse") (Doc. 15), and respondent's Amended Sur-Reply to Amended Traverse (Doc. No. 16). This objection is overruled; however, that also is of no consequence to the outcome of the petition. Further, because the petitioner seems to think that his argument in Doc. No. 13 is important, the Court has considered that document along with the others listed above for purposes of its de novo review.

Petitioner argues that the R&R incorrectly relies on the state court's factual analysis when the state court of appeals did not have before it a full trial transcript, including the voir dire. This objection has no merit because the state court's factual findings relied upon by the R&R, which are presumed correct absent clear and convincing evidence to the contrary, would not have been altered in any way had the appeals court record contained a transcript of the voir dire proceedings. This objection is overruled.

Finally, petitioner asserts that the R&R omits the fact that the state provided no legal finding for denying the consolidated applications under Ohio Appellate Rule 26(A) and (B). Although it is technically true that the R&R did not comment on the legal sufficiency of the state court of appeals' journal entry denying the Rule 26 application and, therefore, to that extent the objection is sustained, that is of no consequence to the outcome of the habeas petition. The state court's Journal Entry quite clearly was relying on state, not federal law, in denying the Rule 26 application. *See* Doc. No. 8-1 at 197 (appellant's application was filed "clearly past the deadlines set forth in App.R.26(A) and (B)(1)" and appellant "has failed to show good cause for filing his application for reopening 161 days late").

Objection No. 1 is overruled in its entirety.

**Objection No. 2**

In his second objection, petitioner asserts that the R&R incorrectly concludes that he provided no cause and prejudice for his procedural default to entitle him to a review of his assertion of ineffective assistance of counsel with respect to his *Batson* challenge. The underlying assertion is that, had his appellate counsel given the state court of appeals a complete transcript of the record, including the voir dire, the outcome of his *Batson* challenge would have been different.[4]

The R&R correctly noted that ground one was not raised on direct appeal, but was first raised in petitioner's pro se Rule 26 Application. That does not constitute the procedural default because, obviously, the ground attacks the performance of appellate counsel and would not have been raised until after the direct appeal. In fact, in Ohio, a claim of ineffective assistance of appellate counsel must be raised in a Rule 26 application.

The problem in this case is that petitioner's pro se Rule 26 application to reconsider and/or reopen his appeal on the basis of a claim of ineffective assistance of counsel was filed too late under state law.[5] The state court of appeals summarily dismissed it as untimely and concluded that petitioner had shown no cause for the untimely filing. Petitioner argues that he was unable to timely file his Rule 26 application because he did not timely discover his

---

[4] On direct appeal, petitioner had challenged the state's exclusion of an African American panel member from his jury and the trial court's decision to deny his challenge of that exclusion under *Batson v. Kentucky*, 476 U.S. 79 (1986), which held that it is a violation of the Fourteenth Amendment Equal Protection Clause to challenge potential jurors solely on the basis of race. The court of appeals overruled that assignment of error concluding that it could not reach the merits of the claim because petitioner had failed to supply a transcript of the voir dire process. (*See* Doc. No. 8-1 at 140-41.)

[5] To be timely, an application for reconsideration must be filed "before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days of the announcement of the court's decision, whichever is later." Ohio App. R. 26(A)(1). An application to reopen an appeal must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ohio App. R. 26(B)(1).

appellate counsel's failure to supply a voir dire transcript to the court of appeals. However, even a claim of ineffective assistance of appellate counsel can be procedurally defaulted, requiring a showing of cause for the default and actual prejudice before *this* Court could consider it.

In *Scott Smith v. State of Ohio Dept. of Rehab. & Corr.,* 463 F.3d 426 (6th Cir. 2006), the defendant argued that his counsel's failure to inform him of the intermediate appellate court's decision in enough time for him to timely file an appeal to the state supreme court amounted to ineffective assistance of counsel during a phase of the proceedings (direct appeal) when he was entitled to representation and constituted the requisite cause to overcome his procedural default. The Sixth Circuit agreed that Smith's counsel engaged in "constitutionally deficient performance[,]" *id*. at 435, but further concluded that Smith was unable to show that his counsel's performance resulted in actual prejudice. The court reasoned that, although prejudice is initially presumed in a situation where a defendant's right to appeal is foreclosed because his counsel failed to timely inform him of an appealable decision, the presumption is rebutted "if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal[.]" *Id*.

In this case, petitioner asserts that it was ineffective assistance for his counsel to fail to supply the court of appeals with a transcript which included the voir dire.[6] In an affidavit

---

[6] The state court of appeals ruled on October 17, 2007 that, due to the lack of the voir dire transcript, it could not address the *Batson* challenge on the merits. An examination of the docket of the court of appeals reveals that the notice of appeal was filed by one attorney and about two months later, new counsel was substituted. (*See* Doc. No. 8-1 at 228-29.) New counsel filed the appellant's brief on February 6, 2007, wherein he noted that former appellate counsel had failed to order the voir dire transcript, but that he had recently done so and would supplement the appellate record when the transcript was received. (Doc. No. 8-1 at 42, note 7.) The trial court docket confirms that a motion filed by counsel on January 16, 2007 seeking an order of the trial court directing the court reporter to prepare a transcript of the voir dire, opening statements, and closing arguments. (*Id*. at 210.) In a footnote, the motion states that the rest of the trial transcript needed for the appeal had already been supplied, but these additional portions would also be necessary. The trial court docket also reflects an order dated January 18, 2007 granting the motion.

accompanying his Rule 26 application (Doc. No. 8-1 at 164-66), petitioner asserted without any support whatsoever that he had first learned of his appellate counsel's failure to present a full transcript on May 16, 2008. He further asserts that his appellate counsel never informed him of the appellate decision dated October 17, 2007, wherein the state appellate court clearly stated that it could not decide his *Batson* challenge because it had not been supplied a copy of the voir dire transcript.

He also attests in his affidavit that, on February 28, 2008, he was "returned to trial court on a 'classification hearing.'" This hearing was the sexual offender classification hearing required by Ohio law and was specifically ordered by the appellate court when it remanded the matter to the trial court, having sustained the state's assignment of error on its cross-appeal that the trial court had erred in not holding such a hearing. Clearly, if petitioner did not already know that his appeal had not been successful, he certainly would have learned that by no later than February 28, 2008. In fact, his own affidavit suggests that he learned of counsel's error on February 28, 2008. In paragraphs 10 and 11 of the affidavit (Doc. No. 8-1 at 165), he states that the trial judge issued a journal entry relative to the sexual offender classification on May 5, 2008 and that he "was transported back to prison May 8, 2008 *following the findings and discovery of these errors.*" (Emphasis added.) The trial court docket (Doc. No. 8-1 at 210) reflects that a status call occurred on May 5, 2008 and that a warrant to convey was issued on May 8, 2008. An entry dated May 9, 2008 states: "Explanation of duties - register sex offender: deft. required to fulfill these requirements for a period of 25 years w/in-person verification every 180 days. A warrant be issued to return the deft. to Lake Erie Correctional."

---

(*Id.*) Apparently that transcript was never produced or filed (*id.*) and the record of the court of appeals was never supplemented (*id.* at 219.)

In light of the above, this Court does not find it credible that petitioner only discovered his counsel's failure on May 16, 2008 and, instead, concludes that the latest he could have learned the nature of the appellate court ruling was on February 28, 2008.

Although *Smith*, *supra*, is not directly on point, it does make clear that, where a document is being filed untimely due to alleged ineffective assistance of counsel resulting in the late discovery of a ground for appeal, in order to enjoy a presumption of prejudice, "the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision [must not be] greater than the period allotted by state law for the timely filing [...]." Applying this principle, petitioner should have filed his delayed Rule 26(B)[7] Application within 90 days of his discovery of counsel's failure, that is, by May 31, 2008 at the latest. He filed it on June 23, 2008, about one month too late. Although the state appellate court, by counting from October 17, 2007, ruled that he had filed 161 days too late, even if it had allowed him extra time to account for his "discovery" of his claim, petitioner's Rule 26 Application would still have been untimely under state law as interpreted by *Smith*. This is not a matter for federal habeas review.

This objection is overruled.

**Objection No. 3**

Petitioner asserts in his third objection that the R&R incorrectly concludes that Ohio Appellate Rule 26(B) is an independent and adequate state procedural bar.

This objection has no merit in view of *Fautenberry v. Mitchell*, 515 F.3d 614, 640 (6th Cir. 2008), which held that Rule 26(B) "time constraints are an actually enforced, adequate and independent state ground upon which the Ohio courts consistently refuse to address

---

[7] Clearly his Rule 26(A) application (which had only a 10-day filing window) was not timely under any standard.

ineffective assistance of appellate counsel claims." *See also Parker v. Bagley*, 543 F.3d 859, 862 (6th Cir. 2008).

This objection is overruled.

**Objection No. 4**

Finally, petitioner asserts that the R&R incorrectly concludes that he is not entitled to an evidentiary hearing. In view of the fact that all of his objections have been overruled, the Court finds no cause to conclude that an evidentiary hearing would be appropriate. *See* 28 U.S.C. § 2254(e)(2).

This objection is overruled.

### III. CONCLUSION

For the reasons set forth above, having conducted the required de novo review, the Court overrules petitioner's objections to the R&R. The R&R is accepted and this case will be dismissed by separate judgment entry.

The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: May 11, 2011

                                                 **HONORABLE SARA LIOI**
                                                 **UNITED STATES DISTRICT JUDGE**